UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN LIFT TRUCK CORP,

    Plaintiff,

v.                                                    Case No. 20-CV-655

MITSUBISHI CATERPILLAR FORKLIFT AMERICA, INC,

    Defendant.

# DECISION AND ORDER DISMISSING ACTION AND DENYING MOTION FOR A PRELIMINARY INJUNCTION

## 1. Background

Wisconsin Lift Truck Corp has been selling Caterpillar lift trucks since 1982. (ECF No. 1-2 at 4, ¶ 1.) When Caterpillar, Inc., Mitsubishi Heavy Industries, Inc., and Mitsubishi, Inc., created Mitsubishi Caterpillar Forklift America, Inc. (MCFA) in 1992, Wisconsin Lift Truck added Mitsubishi branded lift trucks to its line. (ECF No. 1-2 at 4, ¶ 1.) And when MCFA became a distributor for Jungheinrich-branded warehouse products in 2010, Wisconsin Lift Truck began to sell those products, too. (ECF No. 1-2 at 4, ¶ 1.)

The terms of the current relationship between Wisconsin Lift Truck and MCFA are set forth in a Sales and Service Agreement. (ECF No. 1-2 at 6, ¶ 6.) The Agreement states that it continues through December 31, 2020. (ECF No. 1-2 at 6, ¶ 6.) Earlier this year MCFA informed Wisconsin Lift Truck that it does not intend to renew the agreement when it expires. (ECF No. 1-2 at 6, ¶ 7.) In response, Wisconsin Lift Truck filed an action in Waukesha County Circuit Court alleging that the non-renewal violates the Wisconsin Fair Dealership Law (WFDL), Wis. Stat. ch. 135. It seeks declaratory, injunctive, and compensatory relief. (ECF No. 1-2 at 4-24.)

MCFA removed the action to federal court (ECF No. 1), and all parties have consented to this court conduct all proceedings in this case (ECF Nos. 10, 11). Pending before the court are Wisconsin Lift Truck's "Motion for Temporary Restraining Order and Preliminary Injunction" (ECF No. 3) and MCFA's "Motion to Dismiss and Compel Arbitration" (ECF No. 8).

2. **Arbitration**

Under the WFDL, "[n]o grantor…may terminate, cancel, fail to renew or substantially change the competitive circumstances of a dealership agreement without good cause." Wis. Stat. § 135.03. A "grantor" is defined as "a person who grants a dealership," Wis. Stat. § 135.02(5), a "dealer" is a person who is granted a "dealership" within this state, *see* Wis. Stat. § 135.02(2), and a "dealership" under the WFDL requires, among other things, that the parties share a "community of interest," *see* Wis. Stat. §

135.02(3). In other words, not every distributor of a manufacturer's products is protected by the WFDL.

> The WFDL provides that
>
> a dealer may bring an action against such grantor in any court of competent jurisdiction for damages sustained by the dealer as a consequence of the grantor's violation, together with the actual costs of the action, including reasonable actual attorney fees, and the dealer also may be granted injunctive relief against unlawful termination, cancellation, nonrenewal or substantial change of competitive circumstances.

Wis. Stat. § 135.06. It also provides that "[t]he effect of this chapter may not be varied by contract or agreement. Any contract or agreement purporting to do so is void and unenforceable to that extent only." Wis. Stat. § 135.025(3).

> Nonetheless, the WFDL makes explicit provision for arbitration agreements:
>
> This chapter shall not apply to provisions for the binding arbitration of disputes contained in a dealership agreement concerning the items covered in s. 135.03, if the criteria for determining whether good cause existed for a termination, cancellation, nonrenewal or substantial change of competitive circumstances, and the relief provided is no less than that provided for in this chapter.

Wis. Stat. § 135.05. Thus, there is no doubt that WFDL claims may be properly resolved by arbitration. *S+L+H S.p.A. v. Miller-St. Nazianz, Inc.*, 988 F.2d 1518, 1525 (7th Cir. 1993) ("Miller suggests that it is somehow improper for disputes involving Fair Dealership Law claims to be arbitrated. It is not."). But the WFDL mandates that any arbitration agreement provide at least the protections afforded under the statute.

The parties' Sales and Service Agreement states that it "shall be interpreted and construed in accordance with the laws of the" State of Wisconsin. (ECF No. 1-2 at 47, sec. 27.9 (referring to sec. 1.1, ECF No. 1-2 at 28, and Exhibit A, ECF No. 1-2 at 48).) It also contains the following arbitration provision:

> Any controversy, claim or dispute, other than a claim by Company against Dealer for monies owed, arising out of or relating in any way to this Agreement, its performance or any asserted breach of this Agreement which cannot promptly be resolved amicably by the parties will be submitted for arbitration by three arbitrators under the Commercial Arbitration Rules of the American Arbitration Association. Arbitration will take place in Harris County, Texas. The decision of the arbitrators will be in writing with written findings of fact and be final and binding on the parties. The arbitrators are empowered to award money damages but are not empowered to award punitive, treble, exemplary or consequential damages or specific performance.

(ECF No. 1-2 at 47, sec. 28.1.)

The Federal Arbitration Act (FAA) provides:

> A written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA embodies a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

"Congress has instructed federal courts to enforce arbitration agreements according to their terms." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018). Although

4
Case 2:20-cv-00655-WED   Filed 05/21/20   Page 4 of 12   Document 17

courts interpret arbitration agreements according to state law, the FAA preempts state law "to the extent it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives' of the FAA." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415 (2019) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011)).

Wisconsin Lift Truck argues that, under the Agreement's choice of law provision, Wisconsin law, including the WFDL, applies to the parties' dispute. As stated above, the WFDL prohibits efforts to circumvent its provisions by agreement. But, according to Wisconsin Lift Truck, that is exactly what the arbitration clause does when it eliminates specific performance as a remedy that the arbitrators can order, a remedy it argues would otherwise be available under the WFDL. Thus, in the view of Wisconsin Lift Truck, the entire arbitration clause is unenforceable because it conflicts with the WFDL.

Central to Wisconsin Lift Truck's argument is its contention that there is a "contradiction between the parties' choice of law clause calling for the application of Wisconsin law and the parties' arbitration agreement" insofar as the arbitration agreement eliminates specific performance as a remedy. (ECF No. 13 at 17.) Wisconsin Lift Truck says that "MCFA attempts to side-step this pitfall by arguing that the FAA preempts the Wisconsin Fair Dealership Law." (*Id.*) Relying on *Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 477 (1989), and *Gubrud v. Storesonline, Inc.*, No. 11-cv-376-slc, 2012 WL 12995322, at *5 (W.D. Wis. Feb. 21, 2012), Wisconsin Lift Truck argues that "[t]he FAA does not preclude this court from enforcing [the WFDL] simply because in this case the

offending … provision happens to appear within an arbitration clause." (*Id*. at 19, quoting *Gubrud*).)

MCFA contends that it is *not* arguing that the FAA preempts the WFDL and displaces the parties' agreement to apply Wisconsin law. (ECF No. 16 at 5; *but see* ECF No. 9 at 13-14 (arguing that the FAA preempts inconsistent portions of the WFDL).) Rather, it acknowledges that the rights of the parties under the Agreement are subject to Wisconsin law. (*Id.*) Rather, its position is that the WFDL does not apply to the parties' relationship. (*Id*. at 5-6.) As a result, there is no conflict between the choice of Wisconsin law and arbitration under the FAA. (*Id.* at 7.)

Secondarily, MCFA contends that "[t]he arbitration clause in the Agreement does not limit the equitable relief that arbitrators can award except for specific performance—a remedy Wisconsin Lift does not seek—and it is consistent with Section 135.06 of the WFDL." (ECF No. 16 at 7.) Specifically, the arbitration provision does not prevent the arbitrators from awarding damages or injunctive relief, the relief sought by Wisconsin Lift Truck and the relief provided for in section 135.06. (*Id*. at 8.) Specific performance is not listed in section 135.06 as a remedy for a violation of the WFDL. (*Id*.) Because Wisconsin Lift Truck is not seeking, and could not obtain, specific performance for a violation of the WFDL, "it makes no difference that the arbitrators cannot award specific performance." (*Id.*)

*Volt* is distinguishable because it involved the parties choosing which rules of arbitration—state rules or the FAA—should apply. The Court concluded that the parties were free to choose California's arbitral rules because they "were 'manifestly designed to encourage resort to the arbitral process,' and they 'generally fostered the federal policy favoring arbitration.'" *Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 57 (1995) (quoting *Volt*, 489 U.S. at 476 and n.5, 479. Thus, *Volt* dealt with the parties' agreement to arbitrate under different rules. Wisconsin Lift Truck is attempting to rely on the Agreement's choice of law provision to thwart arbitration altogether.

The arbitration provision in the Agreement is allegedly inconsistent with the WFDL only insofar as it prohibits an arbitrator from ordering specific performance. But Wisconsin Lift Truck does not seek specific performance. Wisconsin Lift Truck asks that MCFA "be enjoined from failing to renew or terminating Wisconsin Lift Truck's dealership in whole or in part," (ECF No. 1-2 at 22, ¶ 84), and it seeks "lost-profits damages that it will suffer if MCFA terminates Wisconsin Lift Truck's dealership" (ECF No. 1-2 at 23, ¶ 86) and its "actual costs of this action including reasonable attorney fees" (ECF No. 1-2 at 23, ¶ 89). The parties' Agreement empowers the arbitrators to award Wisconsin Lift Truck all the relief it seeks and to which it may be entitled.

Wisconsin Lift Truck incorrectly equates the Agreement's prohibition on ordering specific performance to a prohibition against awarding injunctive relief. (ECF No. 13 at 13.) Although both are types of equitable relief (and in some cases their effects may be

similar), specific performance is a remedy distinct from an injunction. *See, e.g.*, Restatement 2d of Contracts, § 357, cmnt a. and b.; 1-9 Murray on Contracts § 128 (2011); c*f.* Power of arbitrators to award injunction or specific performance, 70 A.L.R.2d 1055; American Arbitration Association, Commercial Arbitration Rules and Mediation Procedures, Rule 47(a) (noting that specific performance was just one type of equitable relief) ("The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties…."), available at https://www.adr.org/sites/default/files/CommercialRules_Web.pdf. Because the Agreement does not prohibit the arbitrators from awarding injunctive relief, consistent with the applicable AAA rules, it is an available remedy. Thus, notwithstanding the absence of specific performance as a remedy, Wisconsin Lift Truck may still obtain through arbitration the injunctive relief it seeks.

Moreover, as pointed out by MCFA, specific performance is not a remedy authorized under the WFDL. Under the WFDL, "a dealer may bring an action against such grantor … for damages sustained by the dealer as a consequence of the grantor's violation, together with the actual costs of the action, including reasonable actual attorney fees, and the dealer also may be granted injunctive relief against unlawful termination, cancellation, nonrenewal or substantial change of competitive circumstances." Wis. Stat. § 135.06. The statute does not mention specific performance, and, as noted, injunctive relief is distinct from specific performance.

Having rejected Wisconsin Lift Truck's argument regarding the enforceability of the arbitration provision, the court ordinarily would grant MCFA's motion to compel arbitration. However, the Agreement states, "Arbitration will take place in Harris County, Texas." (ECF No. 1-2 at 47, sec. 28.1.) "[U]nder § 4 of the FAA, a district court cannot compel arbitration outside the confines of its district." *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir. 2011) (citing *Haber v. Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir. 2009)); *Merrill Lynch, Pierce, Fenner & Smith v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995) ("where the arbitration agreement contains a forum selection clause, only the district court in that forum can issue a § 4 order compelling arbitration"); *Ferenc v. Brenner*, 927 F. Supp. 2d 537, 542 (N.D. Ill. 2013). In such circumstances, a defendant who argues that the plaintiff's action is improper in light of an arbitration agreement should file a motion to dismiss for improper venue rather than a motion to compel arbitration. *Faulkenberg*, 637 F.3d at 808 (citing *Cont'l Ins. Co. v. M/V Orsula*, 354 F.3d 603, 606-07 (7th Cir. 2003)).

Staying these proceedings is inappropriate because it is clear that the parties' entire dispute will be resolved in the arbitration, *see Lott v. Repossessors, Inc.*, No. 18-CV-1706, 2019 U.S. Dist. LEXIS 72185, at *2-3 (E.D. Wis. Apr. 30, 2019), and because "the Seventh Circuit has indicated a preference for dismissal" when a court concludes that another district is the proper venue for a motion to compel arbitration, *see Hudgins v. Total Quality Logistics, LLC*, No. 16 C 7331, 2017 U.S. Dist. LEXIS 17433, at *9 (N.D. Ill.

Feb. 8, 2017) (citing *Faulkenberg*, 637 F.3d at 808); *see also GHH, Inc. v. Apex Operating Inc.*, No. 19 C 2804, 2020 U.S. Dist. LEXIS 9444, at *4-5 (N.D. Ill. Jan. 21, 2020). Having rejected Wisconsin Lift Truck's only argument as to why the arbitration clause is not enforceable, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3) is appropriate. The proper venue for MCFA's motion to compel arbitration is the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 124(b)(2).

### 3. Motion for a Temporary Restraining Order and Preliminary Injunction

A court may grant preliminary equitable relief to maintain the status quo notwithstanding the conclusion that the parties' underlying dispute is subject to arbitration. *IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 527 (7th Cir. 1996); *Merrill Lynch, Pierce, Fenner & Smith v. Salvano*, 999 F.2d 211, 214 (7th Cir. 1993). Such preliminary relief may be essential when there are compelling concerns that a party will be irreparably harmed before the matter can be addressed in arbitration. *See IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 527 (7th Cir. 1996) (citing cases).

"A preliminary injunction is an extraordinary remedy," *Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017), "never to be indulged in except in a case clearly demanding it," *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States of Am. Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) (quoting *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984)).

> A two-step inquiry applies when determining whether such relief is required. First, the party seeking the preliminary injunction has the

> burden of making a threshold showing: (1) that he will suffer irreparable harm absent preliminary injunctive relief during the pendency of his action; (2) inadequate remedies at law exist; and (3) he has a reasonable likelihood of success on the merits. If the movant successfully makes this showing, the court must engage in a balancing analysis, to determine whether the balance of harm favors the moving party or whether the harm to other parties or the public sufficiently outweighs the movant's interests.

*Whitaker*, 858 F.3d at 1044 (internal citations omitted).

Wisconsin Lift Truck fails at the first step. The harm that Wisconsin Lift Truck seeks to avoid is the termination of its relationship with MCFA. That is not scheduled to occur until the end of the year. Even if this matter is not fully resolved in arbitration by the end of the year, preliminary injunctive relief is available to Wisconsin Lift Truck through arbitration. *See* American Arbitration Association, Commercial Arbitration Rules and Mediation Procedures, Rule 37. Wisconsin Lift Truck has not demonstrated any risk of irreparable harm between now and when it may be able to seek preliminary injunctive relief from the arbitration panel. Therefore, Wisconsin Lift Truck's "Motion for Temporary Restraining Order and Preliminary Injunction" (ECF No. 3) will be denied.

4. **Conclusion**

**IT IS THEREFORE ORDERED** that Mitsubishi Caterpillar Forklift America, Inc.'s "Motion to Dismiss and Compel Arbitration" (ECF No. 8) is **granted in part**. This action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(3). MCFA's motion to compel arbitration, however, is denied without prejudice.

Under § 4 of the FAA, a district court cannot compel arbitration outside the confines of its district, and the parties' agreement states that the arbitration will occur in the Southern District of Texas.

**IT IS FURTHER ORDERED** that Wisconsin Lift Truck's "Motion for Temporary Restraining Order and Preliminary Injunction" (ECF No. 3) is **denied**. The plaintiff has not shown that it will be irreparably harmed by the absence of such extraordinary relief.

Dated at Milwaukee, Wisconsin this 21st day of May, 2020.

_WILLIAM E. DUFFIN_
U.S. Magistrate Judge

12
Case 2:20-cv-00655-WED   Filed 05/21/20   Page 12 of 12   Document 17